UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DWAYNE MORRISON,

      Petitioner,

  -against-

WILLIAM D. BROWN,
Superintendent, Eastern Correctional Facility,

      Respondent.
------------------------------------------------------------X



BROOKLYN OFFICE

MEMORANDUM AND ORDER

11-CV-3366 (KAM)

MATSUMOTO, United States District Judge:

On July 11, 2011, the court received the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 from *pro se* petitioner Dwayne Morrison. (*See* ECF No. 1, Petition ("Pet.").) For the reasons set forth below, petitioner is directed to submit an affirmation, within thirty (30) days of the date of this Order, showing cause why the petition should not be dismissed as time-barred.

**Background**

Petitioner challenges the July 10, 2007 judgment of the New York Supreme Court, Queens County, in which he was convicted after a jury trial of murder in the second degree, and criminal possession of a weapon in the fourth degree. (Pet. ¶¶ 2, 6.) He was sentenced to an indeterminate term of 17 years to life imprisonment. (*Id.* ¶ 3.) The New York Supreme Court, Appellate Division, Second Department, affirmed the conviction on February 10, 2009. (*Id.* ¶ 9.) *See People v. Morrison*, 873 N.Y.S.2d 159 (2d Dep't 2009). Petitioner's application for leave to appeal to the New York Court of Appeals was denied on June 5, 2009.[1] *See People v. Morrison*, 884 N.Y.S.2d 699 (2009). Petitioner did not appeal to the United States Supreme Court.

---

[1] The court notes that petitioner alleges that his appeal to the New York Court of Appeals was denied on October 2, 2009. (Pet. ¶ 9(e).)

Petitioner also filed a post-conviction motion in New York Supreme Court, Queens County. He asserts that he filed a motion for collateral relief pursuant to New York Criminal Procedure Law § 440.10, which was denied on November 8, 2010. (Pet. ¶ 11.) This court received the instant petition on July 11, 2011.

**Discussion**

I. The AEDPA Statute of Limitations

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a State court judgment. *See* 28 U.S.C. § 2244(d)(1). The AEDPA provides that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If a "properly filed" application for State post-conviction or other collateral review with respect to the judgment of conviction was "pending" at any time during that one-year period, the time during which this application was pending does not count toward

2

the one-year limitation period. 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations may be equitably tolled. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam), *cert. denied*, 531 U.S. 840 (2000). "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001), *cert. denied*, 535 U.S. 1017 (2002) (quoting *Smith*, 208 F.3d at 17). A petitioner "must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." *Id.*; *see also Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003); *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000).

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000). *See also Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). However, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." *Acosta*, 221 F.3d at 125 (citations omitted).

II. Application of the Law to this Case

The facts alleged in the petition are insufficient to determine whether petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2254 was filed within the statute of limitations. The Court of Appeals denied petitioner leave to appeal on June 5, 2009. As

3

petitioner did not pursue his appeal to the United States Supreme Court, the judgment of conviction became final ninety days later on September 3, 2009, when the time to seek a writ of certiorari expired.[2] *Clay v. United States*, 537 U.S. 522, 527 (2003). If 28 U.S.C. § 2244(d)(1)(B)-(D) are inapplicable to this case, petitioner had one year from that date, until September 3, 2010, to file his petition.

Petitioner may benefit from statutory tolling under 28 U.S.C. § 2244(d)(2) if his state petition for post-conviction relief was pending during that period, but he does not indicate the date on which he filed his motion pursuant to New York Criminal Procedure Law § 440.10. The motion was denied on November 8, 2010. Petitioner then allowed 245 days to elapse before this Court received the instant petition on July 11, 2011.[3]

Accordingly, petitioner is directed to show cause by affirmation, within thirty (30) days from the date of this Order, why the AEDPA statute of limitations should not bar the instant petition.[4] *See Day*, 547 U.S. at 209-10; *Acosta*, 221 F.3d at 125. Petitioner must state the dates on which he submitted his § 440.10 motion to state court, and provide documentary evidence of this submission, if available. If petitioner believes that 28 U.S.C. § 2244(d)(1)(B), (C), or (D) apply to this case or should he have a basis to ask the court to equitably toll the statute of limitations, he shall present the supporting facts to the court in his affirmation and shall append

---

[2] As noted *supra* in footnote 1, although the New York Court of Appeals' opinion denying petitioner leave to appeal is dated June 5, 2009, *Morrison*, 884 N.Y.S.2d at 669, petitioner alleges that the Court of Appeals denied his appeal on October 2, 2009. (*See* Pet. ¶ 9(e).)

[3] Petitioner may also benefit from the "mailbox rule," but he does not indicate the date on which he signed his petition and submitted it to prison authorities for mailing. *See Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001), (*pro se* prisoner deemed to have "filed" his habeas petition with the district court as of the date he gave his papers to prison authorities for mailing.)

[4] An affirmation form is attached to this Order for petitioner's convenience.

to his affirmation documentary evidence, if available, supporting his assertions. He should also indicate the date on which he submitted the instant petition to prison authorities for mailing. Finally, petitioner shall provide support, if any, for his assertion that the New York Court of Appeals denied his application for leave to appeal on October 2, 2009 rather than June 5, 2009.

No response shall be required from respondent at this time and all further proceedings shall be stayed for thirty (30) days or until the petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition may be dismissed as time-barred. The Clerk of the Court is respectfully requested to serve a copy of this Order on petitioner and to file proof of service on ECF by August 5, 2011.

SO ORDERED.

/S/

KIYO A. MATSUMOTO
United States District Judge

Dated: August 4, 2011
Brooklyn, New York